UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RACHEL BORDEN                                              CIVIL ACTION

VERSUS                                                     NO. 10-3299

RICHARD JAMES BAIR,                                        SECTION: "C" (3)
ET AL.

# ORDER

This matter comes before the Court on the issue whether the minimum jurisdictional amount existed at the time of removal. Having reviewed the record, the memoranda of counsel and the applicable law, the Court has determined that the minimum amount in controversy has not been satisfied.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction.

Louisiana law prohibits a plaintiff from pleading a specific amount of monetary damages. La. Code Civ. Proc. Art. 893. When a plaintiff has alleged an indeterminate amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in order to remove the case from state court to federal court. *De Aguilar v. Boeing Co.*, 11 F.3d 55. (5th Cir. 1993). The defendant can make a showing in either of two ways: ( 1) demonstrating that it is facially apparent that the claims are above 75,000, or (2) setting forth the facts that support a finding that the jurisdictional minimum has been satisfied.

Plaintiff's petition concerns damages caused by an automobile collision on June 13, 2009. (Rec. Doc. 1-1 at 3 ). As a result of that accident Plaintiff alleges injuries to her "head, neck, body

and mind." *Id.* at 4. Plaintiff also demands punitive damages based on Defendants alleged intoxication at the time of accident. *Id.* Defendants have not provided documentation to support a finding that the jurisdictional amount of $75,000 has been met. Plaintiff's medical records only indicate "a slight disc protrusion at the C6-C7 disc space," "mild disc dehydration," and "disc protrusion." (Rec. Doc. 6-6 & 6-7). Surgery is not mentioned. Moreover, the punitive damages awards cited by Defendants do not sufficiently establish that an amount in excess of $75,000 is in controversy. (Rec. Doc 6 at 8). As such, this Court does not have subject matter jurisdiction over this case.

Accordingly

IT IS ORDERED that Plaintiff's case is REMANDED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Remand is DISMISSED AS MOOT. (Rec. Doc. 8).

New Orleans, Louisiana, this 10th day of January, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE